UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HAFEEZA SHAHEED, | * * * | |
| Plaintiff, | * * * | |
| v. | * * | Civil Action No. 23-cv-10870-ADB |
| MICHELLE WU, | * * * | |
| Defendant. | * * * | |

**<u>MEMORANDUM AND ORDER</u>**

BURROUGHS, D.J.

  Before the Court is pro se Plaintiff Hafeeza Shaheed's ("Plaintiff") long-awaited and much-delayed motion for leave to file an amended complaint. [ECF No. 119]. The Court **<u>DENIES</u>** the motion for the reasons set forth below, following a summary of the procedural history of the case.

  Plaintiff filed her initial complaint on April 21, 2023, [ECF No. 1], and her first amended 16-page complaint on June 26, 2023, [ECF No. 8]. Defendant Michelle Wu ("Defendant") answered Plaintiff's first amended complaint on October 5, 2023. [ECF No. 12]. Under the operative scheduling order, the deadline to amend pleadings was April 1, 2024. [ECF No. 21]. On April 1, 2024, Plaintiff filed a motion for leave to file a second amended complaint seeking, among other things, to add two new defendants. [ECF No. 28]. Defendant opposed that motion

on June 12, 2024. [ECF No. 31].[1] On June 14, 2024, the Court denied Plaintiff's motion for leave to amend without prejudice, both because Plaintiff's motion failed to comply with Local Rule 15.1(b), in part by failing to certify that Plaintiff had served the motion on the proposed new defendants, and because Plaintiff provided no factual basis as to the purported claims against the proposed defendants, did not file a proposed amended complaint with her motion, and made only conclusory arguments for why leave should be granted. [ECF No. 36].

Over six months later, on January 31, 2025, Plaintiff filed a motion to extend the time to file amended pleadings, [ECF No. 55], which the Court denied on February 4, 2025, [ECF No. 60]. The Court noted that, "given that the discovery deadline is imminent, it [wa]s very unlikely to grant leave to amend the complaint." [Id.]

On February 5, 2025 and again on February 28, 2025, Plaintiff moved for reconsideration of her motion to extend time to file amended pleadings. [ECF Nos. 62, 76]. On March 11, 2025, the Court gave Plaintiff until March 21, 2025 to move for leave to amend, noting that "[g]iven the timing, it remains very unlikely that the Court will grant leave to amend" but that it would allow Plaintiff to move to amend "because the Court has not reviewed the proposed amendments and in the interest of a complete record." [ECF No. 81]. Plaintiff did not file an amended complaint by March 21, 2025. Rather, on April 29, 2025, Plaintiff moved again for reconsideration of her January 31, 2025 motion to extend time to file amended complaint, [ECF No. 93], which the Court denied on May 6, 2025, [ECF No. 100]. On May 8, 2025, Plaintiff moved for reconsideration of the Court's May 6, 2025 order, claiming that she had not received electronic notice of the Court's rulings on her motion to extend time to file amended pleadings.

---

[1] This action was assigned to this session of the Court on June 13, 2024. [ECF No. 35].

2

[ECF No. 106].  On May 30, 2025, in light of Plaintiff's purported difficulties receiving electronic notices, the Court again extended Plaintiff's deadline to move to amend, to June 13, 2025, "in an abundance of caution."  [ECF No. 110].  Plaintiff did not file a motion by June 13, 2025, and instead filed the instant motion on June 30, 2025, [ECF No. 119], only after the Court issued an order to show cause, [ECF No. 114], and an additional order once again extending Plaintiff's deadline to move to amend, [ECF No. 117].

 Plaintiff's approach to discovery has been similarly dilatory.  Under the November 17, 2023 scheduling order, fact discovery was to be completed by November 21, 2024, expert discovery was to be completed by April 7, 2025, and dispositive motions were due on May 23, 2025.  [ECF No. 21].  In the six months that followed, Plaintiff did not request any discovery from Defendant.  See [ECF No. 63].  On December 18, 2024, the Court held a status conference, [ECF No. 46], and amended the scheduling order, in relevant part extending the fact discovery deadline to February 14, 2025, [ECF No. 47].  The Court later extended that deadline again, until March 14, 2025.  [ECF No. 51].  On April 16 and 17, 2025, more than a month after the twice-extended fact discovery deadline, Plaintiff filed several discovery motions, seeking to compel Defendant to answer interrogatories and provide document discovery.  [ECF Nos. 84, 85].  On April 18, 2025, the Court ordered Defendant to comply with Plaintiff's discovery requests or show cause as to why Defendant was not required to do so.  [ECF No. 86].  That same day, Plaintiff filed a renewed motion to compel, which the Court denied as moot.  [ECF Nos. 88, 89]. On April 25, 2025, Defendant opposed Plaintiff's now-moot motion to compel interrogatory responses, indicating Defendant's belief that she had sufficiently replied to Plaintiff's interrogatories.  [ECF No. 92].  On April 30, 2025, Defendant moved for summary judgment.  [ECF No. 94].  Plaintiff renewed her motion to compel document production on May 8, 2025,

[ECF No. 105], and moved to compel additional interrogatory responses on May 21, 2025, [ECF No. 108].  The Court denied Plaintiff's motion to compel additional interrogatory responses on May 30, 2025, [ECF No. 111], and, after Defendant indicated that she believed she had adequately responded to Plaintiff's document requests, [ECF No. 112], the Court denied Plaintiff's motion to compel document discovery on June 5, 2025, [ECF No. 113].  In sum, Plaintiff has not received any new discovery since, at the very latest, late April.

As the summary of the procedural history reflects, the Court has repeatedly extended Plaintiff's deadlines.  This was done to account for Plaintiff's pro se status and to ensure a complete record, but also because the Court wanted to give Plaintiff every opportunity to articulate a viable claim if she had one.

Plaintiff has now finally moved to amend her complaint, seeking to remove the original Defendant and add two new defendants, City of Boston officials "in their individual capacities." [ECF No. 119 at 1].  She says that, "upon further review and the discovery of relevant facts," her proposed complaint "more clearly and thoroughly articulates" her claims.  [Id. at 1–2].  She argues that amendment will not cause undue delay or prejudice to the defendants and that justice requires that she be allowed to amend.  [Id. at 2].  The motion (again) does not include the certification required by Local Rule 15.1(b) that she served a copy of her motion on the proposed new defendants in advance of filing.  Plaintiff's proposed amended complaint is a five-page document, with five paragraphs of factual allegations.  [ECF No. 119-1].

As the Court has repeatedly indicated to Plaintiff, Plaintiff's delay makes this motion an uphill battle for her.  "[T]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."  Steir v. Girl Scouts of the

USA, 383 F.3d 7, 12 (1st Cir. 2004) (citing Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)).  More specifically, because Plaintiff seeks to amend after the deadline for amendments to pleadings has passed, "Rule 16(b)'s more stringent good cause standard" applies rather than "Rule 15(a)'s leave freely given standard."[2]  United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  The good-cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir, 383 F.3d at 12; see also Amyndas Pharms., 48 F.4th at 37 ("When a party has allowed a 'considerable period of time' to elapse, it must 'show some valid reason for [its] neglect and delay.'" (citation omitted)).  Moreover, "[w]here the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint." Steir, 383 F.3d at 12 (quoting Resolution Tr. Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)); see also Hatch v. Dep't for Child., Youth & Their Fams., 274 F.3d 12, 19 (1st Cir. 2001) ("If . . . leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically

---

[2] The Court recognizes that Plaintiff moved for leave to file her second amended complaint before the deadline to amend pleadings, see [ECF No. 28], and that the Court encouraged Plaintiff to move for leave to amend after that deadline, [ECF No. 81, 110, 117].  As explained supra, however, Plaintiff's timely motion had numerous procedural and substantive flaws.  Moreover, although the Court denied the motion without prejudice, [ECF No. 36], Plaintiff waited over six months to renew her quest to amend the complaint, see [ECF No. 55], and missed two more court-ordered deadlines to move for leave to amend, see [ECF Nos. 81, 110].  These circumstances amply justify the application of Rule 16(b)'s good-cause standard and would likely make it impossible for Plaintiff to succeed even under the more liberal Rule 15(a) standard.  See Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 37 (1st Cir. 2022) (noting courts' discretion to deny amendment "in light of the pertinent balance of equitable considerations" (citation omitted)).

5

viable but also solidly grounded in the record."). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" Steir, 383 F.3d at 12 (quoting Acosta-Mestre, 156 F.3d at 52).

    Plaintiff's motion does not provide good cause for why she should be permitted to amend her complaint more than two years after filing suit, after the deadline for amendments, the close of fact discovery, and Defendant's motion for summary judgment. Plaintiff has not been diligent in attempting to comply with Court-ordered deadlines and has shown no "valid reason for [her] neglect and delay." Amyndas Pharms., 48 F.4th at 37 (citation omitted). Her motion ties her amendment to her "discovery of relevant facts," [ECF No. 119 at 1–2], but she does not identify which facts those are, and, in any case, fact discovery closed more than three months ago, and Plaintiff has not received any new discovery for at least two months. Plaintiff has also failed to certify that she served her motion on the proposed new defendants in advance of filing, as required by Local Rule 15.1(b), even though the Court warned in its June 14, 2024 order that failure to comply with this rule was a sufficient ground to deny a motion to amend. See [ECF No. 36 (citing Washington Tr. Advisors, Inc. v. Arnold, 678 F. Supp. 3d 192, 197 (D. Mass. 2023))].

    Although these deficiencies in Plaintiff's motion are alone sufficient to deny the motion, the Court notes that Plaintiff's proposed amendments would be futile, which is a separate ground to deny the motion. Plaintiff's five paragraphs of allegations against the two new proposed defendants are wholly conclusory, and include allegations made "on information and belief." See [ECF No. 119-1 at 2]. Because Plaintiff's proposed amendments are not "solidly grounded

in the record" or "supported by substantial evidence," they are futile.  <u>Hatch</u>, 274 F.3d at 19.  Accordingly, Plaintiff's motion for leave to amend is **<u>DENIED</u>**.

Plaintiff has not filed a substantive opposition to Defendant's motion for summary judgment, [ECF No. 94], despite being given several opportunities to do so, <u>see</u> [ECF Nos. 102, 114].  Plaintiff's proposed amendments suggest that she no longer wishes to proceed against Defendant.  Accordingly, Plaintiff is **<u>ORDERED</u>** to file a status report by July 14, 2025, indicating whether she wishes to proceed against Defendant.  If so, Plaintiff shall file a response to Defendant's motion for summary judgment, [ECF No. 94], on or before July 30, 2025.  The Court will not grant any extension of these deadlines and failure to comply with them will result in dismissal.

**SO ORDERED.**

July 9, 2025                                                                    */s/ Allison D. Burroughs*
                                                                                    ALLISON D. BURROUGHS
                                                                                    U.S. DISTRICT JUDGE