UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HAFEEZA SHAHEED, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 23-cv-10870-ADB |
| MICHELLE WU, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    Plaintiff Hafeeza Shaheed ("Plaintiff"), who is proceeding pro se, has brought this action against Defendant Michelle Wu in her capacity as the Mayor of the City of Boston ("Defendant"), alleging violations of her rights under the U.S. Constitution and federal housing and antidiscrimination laws. [ECF No. 8]. Before the Court is Defendant's motion for summary judgment, [ECF No. 94], which, for the following reasons, is **GRANTED**.

I.   BACKGROUND

    A.   Material Facts[1]

According to the amended complaint, Plaintiff is a "resident of Massachusetts and a tenant of the Boston Planning & Development Agency (B.P.D.A.) affordable lottery program." [ECF No. 8 ¶ 1]. On three occasions in 2019 and 2020, Plaintiff spoke with the Boston Fair Housing Commission about housing disputes between her and her property management company. [ECF No. 96 ¶ 2]. Plaintiff "mentioned problems with management . . . entering her apartment without her consent, management accusing her of smoking without evidence, unnecessary fees added to her rent, rent increases without notification, and housing court disputes." [Id. ¶ 4]. The Boston Fair Housing Commission "determined it lacked jurisdiction over the matters discussed" because they were "housing problems that d[id] not appear to amount to fair housing discrimination under the Fair Housing Act." [Id. ¶ 5]. In April 2022, after Plaintiff contacted the Boston Fair Housing Commission "to report another issue with her landlord," [id. ¶ 7], a City employee told her that the Boston Fair Housing Commission "could not investigate her allegations because the MCAD had an open investigation into the same issues," [id. ¶ 8].

    B.   Procedural Background

On June 26, 2023, Plaintiff filed her operative amended complaint, asserting seven claims against Defendant. [ECF No. 8]. Based on the Court's screening of Plaintiff's complaint under

---

[1] Except where otherwise noted, the Court takes these facts from Defendant's statement of undisputed material facts, [ECF No. 96], which, in the absence of an opposing statement by Plaintiff, are "deemed for the purposes of the motion to be admitted," L.R. 56.1.

2

28 U.S.C. § 1915(e)(2), see [ECF No. 5],[2] the following four claims remain: Count 1 (Violation of Plaintiff's Due Process Rights); Count 2 (Violation of Plaintiff's Equal Protection and Treatment Rights); Count 3 (Violation of the Fair Housing Act); and Count 7 (Violation of the Civil Rights Act of 1964). [ECF No. 8 at 12–14].

On November 17, 2023, the Court set a schedule, under which fact discovery was to be completed by November 21, 2024. [ECF No. 21]. At a status conference, on December 18, 2024, following the end of the scheduled fact discovery, it became apparent that very little discovery had been accomplished. See [ECF Nos. 46, 63]. In response, the Court extended the schedule, ordering the parties to complete written discovery by February 1, 2025, and fact depositions by February 14, 2025, and Plaintiff to designate any trial experts by February 1, 2025. [ECF No. 47]. On January 24, 2025, Plaintiff moved to depose Defendant before the February 14, 2025, deadline and to sanction Defendant for failing to produce certain former employees for deposition. [ECF Nos. 48, 49]. The Court denied these motions on January 28, 2025, but extended the deadline to take depositions until March 14, 2025. [ECF No. 51]. On January 31, 2025, Plaintiff filed a motion to extend the deadline for expert discovery, [ECF No. 58], which the Court granted in part on February 4, 2025, extending the expert disclosure deadline to April 1, 2025, but noting that, if no experts were disclosed by that date, summary-judgment motions would be due on May 16, 2025. [ECF No. 60]. Plaintiff did not disclose any experts.

---

[2] The Court screened Plaintiff's initial complaint, [ECF No. 1], but Plaintiff's operative amended complaint, [ECF No. 8], realleged the dismissed claims verbatim, and the Court will not consider them.

3

On April 17, 2025, after the scheduled close of discovery, Plaintiff filed motions to sanction Defendant for failing to answer interrogatories and to compel document discovery. [ECF Nos. 84, 85]. On April 18, 2025, the Court ordered Defendant to either provide answers to Plaintiff's interrogatories and produce the requested documents or to show cause as to why it was not required to do so. [ECF No. 86]. On April 18, 2025, Plaintiff filed a motion to compel interrogatory responses, [ECF No. 88], which the Court denied as moot in light of its prior order, [ECF No. 89]. On April 25, 2025, Defendant filed the instant motion for summary judgment. [ECF No. 94].

On May 2, 2025, Plaintiff filed a motion for recusal, [ECF No. 97], and, on May 5, 2025, she filed both a "protective opposition" to Defendant's summary-judgement motion, in which she argued that she was unable to oppose summary judgment because of outstanding discovery motions and in light of the pending recusal motion, [ECF No. 98], and a separate motion to stay summary-judgment proceedings, [ECF No. 99]. On May 6, 2025, the Court denied Plaintiff's motion for recusal, [ECF No. 101], and granted in part and denied in part Plaintiff's stay motion, noting that Plaintiff's pending motions had been resolved and allowing Plaintiff until May 30, 2025, to respond to Defendant's summary-judgment motion, [ECF No. 102].

Instead of responding to the summary-judgment motion, Plaintiff filed a further flurry of discovery motions on May 8, 2025, including replies in further support of motions the Court had already resolved, [ECF Nos. 103, 104], and a renewed motion to compel document production, [ECF No. 105]. On May 21, 2025, Plaintiff filed another motion to compel interrogatory responses. [ECF No. 108]. The Court denied Plaintiff's motion to compel interrogatory responses on May 30, 2025, [ECF No. 111], and her motion to compel document discovery on June 5, 2025, [ECF No. 113].

By then, Plaintiff had missed the (already extended) May 30, 2025 deadline to oppose summary judgment, as well as a separate (twice-extended) deadline to move for leave to amend her complaint. Accordingly, on June 18, 2025, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. [ECF No. 114]. On June 25, 2025, Plaintiff responded to the show-cause order, asking for permission to file her proposed amended complaint and to "[r]eopen or extend" her deadline for opposing summary judgment "once the status of the amended complaint [was] resolved." [ECF No. 116 at 5]. She also asserted that her ability to oppose summary judgment was "undermined by the fact that critical discovery motions remained unresolved until on or after the May 30, 2025 deadline to oppose Defendant's motion [for summary judgment]." [Id. at 3]. The Court again obliged Plaintiff, first by allowing her to file a motion for leave to amend her complaint, [ECF No. 117], and then, once it had denied the motion for leave to amend (which sought to drop Defendant and add two new defendants), by extending the deadline for Plaintiff to respond to the pending summary-judgment motion until July 30, 2025, [ECF No. 120].[3] On July 30, 2025, Plaintiff opposed Defendant's motion for summary judgment, [ECF No. 123], but did not submit a statement of material facts with her opposition.

---

[3] As this summary makes clear, and as set forth in greater detail in the Court's July 9, 2025, order on Plaintiff's motion for leave to amend, [ECF No. 120], the Court has repeatedly extended Plaintiff's deadlines and excused Plaintiff's failure to comply with procedural rules and Court orders, both to account for Plaintiff's pro se status and to ensure that Plaintiff's action could be decided on a full record and on the merits. Even accounting for Plaintiff's pro se status, however, her approach to this litigation has not been diligent, and, at times, seemingly less than forthright, such as when Plaintiff claimed not to have received notice of certain filings, see [ECF No. 106, 110].

## II.   LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is considered "genuine" when "the evidence of record permits a rational factfinder to resolve it in favor of either party." Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4–5 (1st Cir. 2010) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). A fact is considered "material" when "its existence or nonexistence has the potential to change the outcome of the suit." Id. at 5 (citing Martínez v. Colón, 54 F.3d 980, 984 (1st Cir. 1995)).

On a motion for summary judgment, the Court reviews "the entire record in the light most hospitable to the party opposing summary judgment." Podiatrist Ass'n v. La Cruz Azul de P.R., Inc., 332 F.3d 6, 13 (1st Cir. 2003) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)). Where inferences are to be drawn from the proffered facts, those inferences "must be viewed in the light most favorable to the party opposing the motion." Oleskey ex rel. Boumediene v. U.S. Dep't of Def., 658 F. Supp. 2d 288, 294 (D. Mass. 2009) (citing Founding Church of Scientology of Wash., D.C., Inc. v. Nat'l Sec. Agency, 610 F.2d 824, 836 (D.C. Cir. 1979)). The Court, however, "safely may ignore conclusory allegations, improbable inferences, and unsupported speculation." Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003) (internal quotation and citation omitted).

Both the Federal Rules and the Local Rules require that a party who opposes summary judgement by asserting that a fact is genuinely disputed must support that assertion. See Fed. R. Civ. P. 56(c); L.R. 56.1. Under Federal Rule of Civil Procedure 56(e), "[i]f a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court

6

may . . . consider the fact undisputed for purposes of the motion." And under Local Rule 56.1, facts set forth in the moving party's statement of undisputed material facts "will be deemed for the purposes of the motion to be admitted" by the opposing party "unless controverted by" the opposing party's statement. Local Rule 56.1 applies to pro se litigants. See, e.g., Nakanwagi v. Exec. Off. of Trial Ct., No. 23-cv-10533, 2025 WL 1617223, at *5 (D. Mass. June 6, 2025) (applying Local Rule 56.1 in case brought by pro se plaintiff); Ogidi-Gbegbaje v. Magarian, 435 F. Supp. 3d 302, 304 (D. Mass. 2020) (same).

A litigant who "justifiably needs additional time to respond in an effective manner to a summary judgment motion" may invoke Federal Rule of Civil Procedure 56(d). Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 28 (1st Cir. 2013). That rule provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). As the text of Rule 56(d) makes clear, it is not "self-executing." Rivera-Almodovar, 730 F.3d at 28. To receive its protections, the nonmovant must generally make a showing that satisfies "five elements: 'authoritativeness, timeliness, good cause, utility, and materiality.'" Emigrant Residential LLC v. Pinti, 37 F.4th 717, 725 (1st Cir. 2022) (quoting Resol. Tr. Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).

In other words, the nonmovant must provide the court "with a timely statement—if not by affidavit, then in some other authoritative manner—that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." Id. (quoting Vélez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004)). The nonmovant

must also "set forth good cause to explain [her] failure to have conducted the desired discovery at an earlier date." Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014) (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 44 (1st Cir. 1998)); see also Pina v. Children's Place, 740 F.3d 785, 795 (1st Cir.2014) ("Rule 56(d) 'requires due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." (quoting Ayala–Gerena v. Bristol Myers–Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996))).  "[W]hether good cause exists for additional discovery 'must be viewed against the historical background of the litigation.'" Emigrant Residential, 37 F.4th at 726 (quoting N. Bridge Assocs., 22 F.3d at 1205).  "When a party has had a full and fair opportunity to obtain relevant facts earlier in a case and has forgone that opportunity, there will seldom be good cause to grant the party's request for additional discovery through the medium of Rule 56(d)." Id. at 726.  Moreover, "an unfavorable discovery ruling does not constitute 'good cause' for the failure to have discovered evidence, and a Rule 56(d) affidavit is not the appropriate vehicle for relitigating discovery disputes." Gordon v. EarthLink, Inc., No. 14-cv-14145, 2017 WL 3203385, at *7 (D. Mass. July 27, 2017).  "The absence of good cause ordinary will be reason enough to deny Rule 56(d) discovery." Emigrant Residential, 37 F.4th at 725–26.

### III.  DISCUSSION

Defendant argues that Plaintiff's constitutional claims (Count 1 and Count 2) must be dismissed because she cannot establish an unconstitutional "policy or custom," as required by Monell v. Department of Social Services, 436 U.S. 658 (1978), [ECF No. 95 at 7–8]; that Defendant is not a proper defendant under the Fair Housing Amendment Act (Count 3), [id. at 8–9]; and that Plaintiff has failed to plead that she is a member of a protected class or was intentionally discriminated against on that basis, as required to have a claim under Title VI of the

8

Civil Rights Act of 1964 (Count 7), [id. at 9–11]. Plaintiff responds that her "allegations, as supported by her Proposed Amended Complaint and discovery efforts, raise genuine disputes of material fact as to whether the City of Boston . . . failed to investigate and affirmatively interfered with her right to be free from housing discrimination." [ECF No. 123 at 1]. She also argues that the City is liable under Monell based on a purported "'custom' or 'practice' of unconstitutional behavior," and liable under the Fair Housing Act because it "fail[ed] to act on valid claims of discrimination." [Id. at 2.]. Finally, Plaintiff argues that Defendant's motion must be denied because she "has not had a fair opportunity to complete discovery essential to opposing the motion, as required by Fed. R. Civ. P. 56(d)." [Id. at 1].

The Court finds that Defendant is entitled to summary judgment. Under Local Rule 56.1, Plaintiff is deemed to have admitted the facts contained in Defendant's statement of material facts, [ECF No. 96], and Plaintiff has not supported her assertions that factual disputes remain in the manner required by Rule 56(c) and Local Rule 56.1.[4] Accordingly, the Court is left to consider whether, based on the record as currently constituted, a rational factfinder could return a verdict for Plaintiff on any of her claims. See Borges, 605 F.3d at 4–5.

As to Plaintiff's constitutional claims, which the Court construes as Monell claims brought under 42 U.S.C. § 1983,[5] see Lay v. City of Lowell, 759 F. Supp. 3d 247, 251 (D. Mass. 2024); Barth v. City of Peabody, No. 15-cv-13794, 2018 WL 1567606, at *1 (D. Mass. Mar. 30, 2018), the record does not contain evidence from which a factfinder could infer an

---

[4] The current motion seeks summary judgment as to Mayor Michelle Wu, the only defendant currently named in the operative complaint. The Court notes that her in her proposed amended complaint, Plaintiff sought to drop Mayor Wu as a defendant, [ECF No. 119-1], which seemingly reflects her understanding that the record in this case does not support the claims alleged as against Mayor Wu.

[5] Plaintiff's opposition accepts this construction of her claims. See [ECF No. 123 at 2].

9

unconstitutional "policy or custom," written or unwritten, as required by Monell, see Connick v. Thompson, 563 U.S. 51, 61 (2011). Plaintiff's opposition refers vaguely to "a pattern of intentional disregard for complaints involving protected class members," [ECF No. 123 at 2], but there is no evidence in the record to support these assertions.

Nor is there sufficient evidence in the record for Plaintiff to succeed on her Fair Housing Act claim. Plaintiff appears to be correct that Defendant could be liable under 42 U.S.C. § 3617 even if she does not own or lease Plaintiff's housing. See, e.g., Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 114–16 (3d Cir. 2017) (reversing grant of summary judgment on § 3617 against neighbors). To succeed on her § 3617 claim, however, Plaintiff must show that she "is a member of an FHA-protected class." S. Middlesex Opportunity Council, Inc. v. Town of Framingham, 752 F. Supp. 2d 85, 95 (D. Mass. 2010). Nothing in her amended complaint and no other record evidence suggests that any discrimination she claims to have suffered was based on race, color, national origin, or any other class protected under the Fair Housing Act. See 42 U.S.C. § 3604. The lack of such evidence also dooms her claim under Title VI. See, e.g., Pollard v. Georgetown Sch. Dist., 132 F. Supp. 3d 208, 231 (D. Mass. 2015) ("Title VI . . . forbids discrimination only on the basis of race, color or national origin.").

That leaves Plaintiff's request that the Court deny Defendant's motion under Rule 56(d). That request fails because Plaintiff has not satisfied the five elements that courts typically consider in evaluating such requests—"authoritativeness, timeliness, good cause, utility, and materiality." Emigrant Residential, 37 F.4th at 725 (citation omitted). Even assuming that Plaintiff's opposition, which is not accompanied by an affidavit, is sufficiently "authoritative," the Court is not convinced that she invoked Rule 56(d) "within a reasonable time" following the receipt of Defendant's motion for summary judgment. N. Bridge Assocs., Inc., 22 F.3d at 1204.

More importantly, Plaintiffs has not shown "good cause" for her failure to conduct her desired discovery before the close of fact discovery, despite the many extensions of the fact discovery deadline, or before Defendant filed her summary-judgment motion.  See Pina, 740 F.3d at 795; see also [ECF No. 95 at 2–4 (detailing Defendant's efforts to facilitate depositions)].  Despite Plaintiff's dilatory discovery efforts, the Court considered Plaintiff's late-filed discovery motions, denying them on the merits.  See [ECF Nos. 111, 113].  Plaintiff's assertion that her discovery "efforts were delayed or blocked," [ECF No. 123 at 3], rather than demonstrating good cause, suggests that she is improperly attempting to "relitigat[e] [these] discovery disputes," Gordon, 2017 WL 3203385, at *7.  Nor does Plaintiff's opposition provide any plausible basis to believe that her desired discovery—which includes conducting a deposition of "Danielle Johnson and other key witnesses" and serving unspecified additional interrogatories, [ECF No. 123 at 2]—will yield evidence that could defeat summary judgment, which is an additional reason to deny Rule 56(d) discovery.  See Emigrant Residential, 37 F.4th at 725.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment, [ECF No. 94], is **GRANTED**.

**SO ORDERED.**

August 13, 2025                                                          */s/ Allison D. Burroughs*
                                                                                      ALLISON D. BURROUGHS
                                                                                      U.S. DISTRICT JUDGE